IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND


DAVID E. ESTEPPE              *
and DONALD ANDREW GRAY

        Plaintiffs       *

    vs.                       *     CIVIL NO. H-00-3040

PATAPSCO & BACK RIVERS        *
RAILROAD COMPANY

        Defendant        *


  *    *    *    oOo    *    *    *


<u>MEMORANDUM AND ORDER</u>


    This civil action has been instituted in this Court by plaintiffs David Esteppe ("Esteppe") and Donald Gray ("Gray"). Plaintiffs have here sued their employer, Patapsco & Back Rivers Railroad Company ("Patapsco"),[1] under the Federal Employers' Liability Act, 45 U.S.C. § 51 <u>et</u> <u>seq.</u>, and the Safety Appliance Act, 45 U.S.C. §§ 1-16.[2]

    It is alleged in the complaint that defendant Patapsco negligently caused plaintiffs to be exposed to asbestos during the time that they were employed. Plaintiffs claim that, as a result

---

    [1]In the complaint, the defendant is referred to as Patapsco & Back River Railroad. However, according to defendant, its correct corporate name is Patapsco & Back Rivers Railroad Company.

    [2]In 1994, sections 1 through 16 of Title 45 were re-codified as 49 U.S.C. §§ 20301-20304, 21302 and 21304.

of this exposure to asbestos, they have developed asbestosis and other pulmonary diseases, causing them injury and damage. Each plaintiff is here seeking compensatory damages in the amount of $2,000,000, as well as other relief.

This suit was filed on October 10, 2000. When defendant Patapsco failed to timely respond to the complaint, plaintiffs filed a motion for default judgment. On April 11, 2001, the Clerk entered an Order of Default pursuant to Rule 55(a), F.R.Civ.P.

Presently pending before the Court is defendant's motion to vacate/set aside default, filed pursuant to Rules 55(c) and 60(b). Defendant Patapsco has submitted memoranda, exhibits and affidavits in support of this motion, plaintiffs have filed a memorandum in opposition, and defendant has recently replied to this opposition. For the reasons stated herein, defendant's motion to set aside the Order of Default will be granted.

I

Background Facts

Defendant Patapsco is a Maryland corporation which operates as a common carrier by rail in and around the State of Maryland. Plaintiff Esteppe is a resident of West Virginia who was employed by Patapsco from 1964 through 1987. Plaintiff Gray is a resident of Maryland whose employment by Patapsco began in 1974 and continues through the present time.[3]

---

[3]The complaint erroneously alleges that this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332. However, complete diversity of citizenship does not exist in this case. Presumably, federal question jurisdiction exists under 28 U.S.C. § 1331.

2

On October 10, 2000, plaintiffs filed their complaint with this Court and also sent a request for waiver of service to defendant Patapsco. Plaintiffs never received a response to their request for waiver of service, and, at plaintiff's request, a summons was issued for Patapsco on January 4, 2001. According to the affidavit of Mark Coyle ("Coyle"), Patapsco's Personnel Manager, he received the summons and complaint on January 12, 2001, and he then forwarded these papers to Robert T. Franklin, Esq. ("Franklin")[4] at the law firm of Franklin & Prokopik in Baltimore. However, according to the affidavit of Franklin's secretary, Debra Eliadis, she never received any documents relating to this case prior to April 19, 2001.

On April 10, 2001, plaintiffs filed their motion for default judgment, together with a certificate of service indicating that a copy of the motion had been served by first class mail upon Coyle. The next day, April 11, 2001, an Order of Default was entered by the Clerk against Patapsco.[5] According to Coyle's affidavit, he received from this Court on April 17, 2001 a copy of the Order of Default, and he received a copy of the motion on April 18, 2001. On April 19, 2001, Coyle called Franklin about the Order of Default and was informed that Franklin's office had never received the complaint or any other information about this lawsuit. On May 2,

---

[4]Franklin is now counsel of record for defendant Patapsco and has filed the pending motion on behalf of Patapsco.

[5]According to the Order of Default, the summons and complaint were properly served on Patapsco on January 8, 2001, and the time for Patapsco to plead or otherwise defend expired on January 29, 2001.

2001, defendant Patapsco filed the pending motion to vacate/set aside default.[6]

II

Applicable Principles of Law

Rule 55(c), provides that "[f]or good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)."[7] Therefore, if a motion to set aside has been filed after a default has been entered under Rule 55(a) but before a default judgment has been issued under Rule 55(b), it should be considered under Rule 55(c) rather than under Rule 60(b). See Wainwright's Vacations, LLC v. an American Airways Corp., 130 F.Supp.2d 712, 717 (D. Md. 2001); see also Carbon Fuel Co. v. USX Corp., No. 97-1995, 1998 WL 480809 at **2 (4th Cir. Aug. 6, 1998) (explaining the difference between an "entry of default" under Rule 55(a) and a "default judgment" under Rule 55(b)).

In many cases, the defaulting party has filed a motion to set aside or vacate a default pursuant to both Rule 55(c) and Rule 60(b), and courts have often discussed the application of both of these rules in the same opinion. See, e.g., South Carolina National Bank v. Baker, No. 90-1156, 1991 WL 157277 (4th Cir. Aug.

---

[6]To date, no judgment by default has been entered by the Court pursuant to Rule 55(b).

[7]Rule 60(b), F.R.Civ.P., provides in pertinent part that "[o]n motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect . . . ."

19, 1991); <u>United States v. Moradi</u>, 673 F.2d 725, 726-27 (4th Cir. 1982); <u>Wainwright's Vacations</u>, 130 F.Supp.2d at 714. Although the Fourth Circuit itself has not so held, other courts of appeal and district courts within the Fourth Circuit "have made it clear that 'a somewhat more lenient standard is applied to Rule 55(c) motions . . . than to Rule 60(b) motions . . . .'" <u>Id</u>. (citing cases) (quoting <u>Shepard Claims Service, Inc. v. William Darrah & Associates</u>, 796 F.2d 190, 193 (6th Cir. 1986)). It is, however, well established that a court, in considering a motion like the one now pending here, should be guided by the clear policy of the Federal Rules of Civil Procedure to encourage the disposition of claims on their merits. <u>See</u> <u>Moradi</u>, 673 F.2d at 727; (4th Cir. 1982) (citing <u>Reizakis v. Loy</u>, 490 F.2d 1132, 1135 (4th Cir. 1974)); <u>see also</u> <u>Tolson v. Hodge</u>, 411 F.2d 123, 130 (4th Cir. 1969).

Furthermore, the disposition of motions filed under Rules 55(c) and 60(b) is a matter which largely lies within the discretion of the trial judge and his or her action is not to be lightly disturbed by an appellate court. <u>Consolidated Masonry & Fireproofing, Inc. v. Wagman Construction Corp.</u>, 383 F.2d 249, 251 (4th Cir. 1967). The Fourth Circuit has stated that "'an extensive line of decisions' has held that [Rule 55(c)] must be 'liberally construed in order to provide relief from the onerous consequences of defaults.'" <u>Lolatchy v. Arthur Murray, Inc.</u>, 816 F.2d 951, 954 (4th Cir. 1987) (quoting <u>Tolson v. Hodge</u>, 411 F.2d 123, 130 (4th Cir. 1969). As a result, "[a]ny doubts about whether relief should be granted should be resolved in favor of setting aside the default so that the case may be heard on the merits." <u>Tolson</u>, 411 F.2d at 130.

A default should be set aside where the moving party acts with reasonable promptness and alleges a meritorious defense. Consolidated Masonry, 383 F.2d at 251. Since Rule 55(c) does not mention any specific time limit for the filing of a motion to set aside an entry of default, courts must exercise discretion "in light of the facts and circumstances of each occasion." Moradi, 673 F.2d at 727.[8] In Consolidated Masonry, 383 F.2d at 251, the Fourth Circuit determined that the movant "did not act promptly" by filing a motion to set aside approximately two and one-half months after the default was entered. But in Lolatchy, 816 F.2d at 954 n.2, the Fourth Circuit concluded that neither the movants nor their attorneys should "be faulted" for filing a Rule 55(c) motion more than ten months after the default was entered. See also South Carolina, 1991 WL 157277 at **2 (stating that a party filing a responsive pleading within twelve days of its due date may have been acting with reasonable promptness); Wainwright's Vacations, 130 F.Supp.2d at 718 (holding that a one-month delay qualified as reasonable promptness).

To establish a meritorious defense, the moving party should proffer evidence which would permit a finding for the defaulting party. Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp., 843 F.2d 808, 812 (4th Cir. 1988). A court should be concerned with whether there is some possibility that after a full

---

[8]Unlike Rule 55(c), Rule 60(b) provides that a "motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order or proceeding was entered or taken."

6

trial the outcome will be contrary to the result achieved by the default. Id.

In considering motions under Rule 55(c), the Fourth Circuit has often taken into account the following factors: (1) the personal responsibility of the movant, (2) whether there is a history of dilatory action by the movant, (3) the prejudice to the non-movant, and (4) the availability of less drastic sanctions. See, e.g., Lolatchy, 816 F.2d at 953; South Carolina, 1991 WL 157277 at **2. With respect to the first factor, the Fourth Circuit has distinguished between the conduct of a blameless party and the conduct of that party's attorney. In addressing a Rule 60(b) motion, the Fourth Circuit has explained that "the district court's failure to distinguish between a blameless party and its neglectful attorney constitutes legal error amounting to an abuse of discretion." Augusta, 843 F.3d at 812. The Fourth Circuit made this statement in reversing a decision of the district court denying the defendant's motion to vacate filed under Rule 60(b). Moreover, in Wainwright's Vacations, 130 F.Supp.2d at 720, this Court concluded that a party's own fault does not preclude relief under the more lenient "good cause" standard of Rule 55(c). See also Shepard Claims, 796 F.2d at 194; Broglie v. Mackay-Smith, 75 F.R.D. 739, 742 (W.D. Va. 1977).

### III
### Discussion

Defendant Patapsco's main argument is that the order of default should be set aside because the circumstances present here constitute "mistake, inadvertence, surprise or excusable neglect"

under Rule 60(b)(1). In addition, it is claimed that Patapsco has a meritorious defense and that setting aside the order of default is warranted by due process and fairness.

In this case, the Clerk has entered an Order of Default pursuant to Rule 55(a), but neither the Clerk nor the Court has entered a "judgment by default" pursuant to Rule 55(b). Since no "judgment by default has been entered" pursuant to Rule 55(c), the provisions of Rule 60(b)(1) do not apply to the pending motion. See Wainwright's Vacations, 130 F.Supp.2d at 717; see also Carbon Fuel, 1998 WL 480809 at **2. As a consequence, to obtain relief from the Clerk's entry of the Order of Default, defendant Patapsco is not required to establish "mistake, inadvertence, surprise, or excusable neglect" as mandated by Rule 60(b)(1). To prevail in setting aside the default here, defendant Patapsco merely needs to show that it has acted with reasonable promptness and alleged a meritorious defense. See Consolidated Masonry, 383 F.2d at 251.

Applying the more lenient standard applicable to Rule 55(c) motions, this Court has concluded that defendant Patapsco should be relieved from the "onerous consequences" of the Order of Default entered in this case. Lolatchy, 816 F.2d at 954 (quoting Tolson, 411 F.2d at 130); see also Wainwright's Vacations, 130 F.Supp.2d at 717. First, Patapsco clearly acted with reasonable diligence by filing the pending motion within three weeks after the entry of the default. See, e.g, Lolatchy, 816 F.2d at 954 n.2 (finding a ten-month delay to be acceptable); Wainwright's Vacations, 130 F.Supp.2d at 718 (holding that a one-month delay constituted reasonable promptness).

Second, as demonstrated by defendants in numerous asbestos cases which have been brought in this Court, there are substantial meritorious defenses available to a defendant in an asbestos case. Patapsco asserts that it has never been found liable in any similar case, and that there is no evidence here of any negligence on the part of Patapsco which caused or contributed to plaintiff's asbestos-related injuries. According to Patapsco, there is no evidence that plaintiffs were exposed to sufficient quantities of asbestos over a sufficient period of time to cause their alleged injuries, inasmuch as plaintiffs worked in the outdoor environment.

Even if this Court were to question whether the defenses to the liability issues raised by defendant Patapsco were meritorious, it is apparent from allegations of the complaint that the amount of damages to which plaintiffs might be entitled is certainly in doubt. In Wainwright's Vacations, 130 F.Supp.2d at 719, this Court concluded that the movant had raised a meritorious defense in its Rule 55(c) motion "by contradicting the amount claimed by plaintiff." See also Augusta, 843 F.2d at 812 ("Although these statements address the amount, rather than the propriety of [plaintiff's] claim, we believe. . .they are a sufficient proffer of a meritorious defense.").

As a result, this Court concludes that Patapsco's motion to vacate/set aside should be granted. The Court is satisfied that under Rule 55(c) "good cause" has been shown in that there are issues in dispute which need to addressed on their merits. See Tolson, 411 F.2d at 130 ("Any doubts about whether relief should be granted should be resolved in favor of setting aside the default so

that the case may be heard on the merits.").

For all the reasons stated, it is this 31st day of May, 2001 by the United States District Court for the District of Maryland,

ORDERED:

1. That defendant's motion to vacate/set aside default is hereby granted;
2. That the Order of Default entered by the Clerk on April 11, 2001 is hereby set aside; and
3. That defendant is directed to file an answer to the complaint within 15 days.

_____
Senior United States District Judge